**UINTAH OIL ASSOCIATION,
Petitioner,**

v.

**COUNTY BOARD OF EQUALIZATION OF UINTAH COUNTY, State of Utah, and Utah State Tax Commission, Respondents.**

**UTAH SHALE LAND & MINERALS CORP., a Utah corporation,
Petitioner,**

v.

**COUNTY BOARD OF EQUALIZATION OF UINTAH COUNTY, State of Utah, and Utah State Tax Commission, Respondents.**

**UTAH OIL SHALES, INC., a Utah corporation, Petitioner,**

v.

**COUNTY BOARD OF EQUALIZATION OF UINTAH COUNTY, State of Utah, and Utah State Tax Commission, Respondents.**

**Nos. 910183, 910185 and 910200.**

Supreme Court of Utah.

May 19, 1993.

Edward M. Bown, Salt Lake City, for Uintah Oil Ass'n and Utah Oil Shales, Inc.

R. Dennis Ickes, Salt Lake City, for Utah Shale Land & Minerals.

Harry H. Souvall, Vernal, and Bill Thomas Peters, Salt Lake City, for County Bd. of Equalization.

R. Paul Van Dam, Atty. Gen., Brian L. Tarbet, Asst. Atty. Gen., Salt Lake City, for Tax Com'n.

HALL, Chief Justice:

These cases were consolidated for the purpose of review inasmuch as each presents the same issues. Petitioners Uintah Oil Association, Utah Shale Land & Minerals Corp., and Utah Oil Shales, Inc., challenge the separate orders of the Utah State Tax Commission (the "Commission") remanding petitioners' cases to the Uintah County Board of Equalization (the "Board") to establish the fair market value of their respective parcels of real property. We affirm.

The property in question totals some 23,000 acres of land that has been utilized for stock grazing for many years and leased for that purpose continuously since 1949. Although the property is the subject of patented oil shale mining claims, it has not been used for mining and no minerals have been extracted therefrom.

For the 1989 tax year, the Uintah County Assessor assessed the fair market value at $50 per acre. Petitioners sought but were denied a reduction in assessed valuation to $4 per acre, prompting their respective appeals to the Commission.

At the hearing before the Commission, petitioners presented the appraisal of an expert who valued the property between $3.95 and $4 per acre. The Board then presented the testimony of the Uintah County Assessor, who valued the property at $50 per acre, the value established by the state in 1982. In addition, the assessor testified as to several comparable sales of smaller parcels of land sold in a range of $40 to $160 per acre.

After the hearing, the Commission determined that neither appraisal was sufficiently supported. The Commission concluded that the method of analysis employed by petitioners' expert did not conform to the generally accepted practices of the appraisal profession and that it was therefore not a reliable indicator of fair market value. The Commission's conclusion was based on the expert's reliance on contract rent rather than on economic or market rents as an indicator of fair market value. Also, important market data, such as the actual acreage of petitioners' comparable sales and sale dates, was not furnished, causing the Commission to conclude that the valuation of $3.95 to $4 espoused by petitioners was substantially below fair market value of similar property in the area. The Commission also concluded that the Board's evidence of value was insufficient because it was unsupported and that the evidence offered of comparable sales reflected lack

of comparability. Thereafter, the Commission entered its orders of remand.

 Petitioners challenge the Commission's determination on the grounds that (1) the appraisal was uncontradicted and thus binding on the Commission, (2) the Commission acted outside the bounds of reason and rationality, and (3) remand would serve no useful purpose because additional evidence of value cannot be found and petitioners are therefore deprived of due process.

The review of administrative decisions is governed by the provisions of the Utah Administrative Procedures Act ("UAPA"),[1] interpreted by this court in *Morton International, Inc. v. Auditing Division of the Utah State Tax Commission.*[2]

In *Morton,* we compared the standard of review developed in prior case law[3] with the standards now set forth in the UAPA.[4] We concluded that subsection 63–46b–16(4) of the UAPA "clearly indicates that absent a grant of discretion, a correction-of-error standard is used in reviewing an agency's interpretation or application of a statutory term."[5] However, we further observed that where we might otherwise grant an agency deference on the basis of its expertise, "it is also appropriate to grant the agency deference on the basis of an explicit or implicit grant of discretion contained in the governing statute."[6] This case presents such a circumstance.

■ The Commission correctly observed that it lies within the authority, indeed, it is the duty and obligation, of county boards of equalization to adjust and equalize the valuation and assessment of all property within the county.[7] The assessments made by the county assessor,[8] as equalized by the county board of equalization and the Commission, are the only basis for property taxation by the county.[9]

The record adequately supports the reasonableness of the Commission's conclusion as to the insufficiency of the evidence offered by both sides concerning the fair market value of the property. The record dispels any notion of arbitrariness or capriciousness in the Commission's exercise of its discretion to remand for a further evidentiary hearing before the Board. Also, no prejudice results by reason of the remand. On the contrary, it will afford each party the opportunity to more adequately present the needed evidence of fair market value.

In regard to the remaining contention that further proceedings before the Board will be to no avail, suffice it to say that the various county assessors and boards of equalization throughout the state cannot but be faced with similarly difficult evaluation tasks, and no doubt, there are many and varied means to accomplish their mandated task, which is to determine fair market value of all property within the state. In any event, the contention does not rise to the level of a constitutional question.

We have duly considered petitioners' remaining contentions and find them to be without merit. We therefore affirm the orders of the Commission.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

1. Utah Code Ann. § 63–46b–16.

2. 814 P.2d 581 (Utah 1991).

3. *Id.* at 585–87.

4. *Id.* at 584.

5. *Id.* at 588.

6. *Id.*

7. Utah Code Ann. § 59–2–1001(2).

8. Utah Code Ann. § 59–2–301 states, "The county assessor shall assess all property located within the county which is not required by law to be assessed by the commission."

9. Utah Code Ann. § 59–2–302.